Charles P. Kennedy
LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:908.654.5000
Fax:908.654.7866

*Attorneys for Plaintiff,*
*Harrison Research Laboratories, Inc.*

**Document Filed Electronically**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HARRISON RESEARCH LABORATORIES, INC., Plaintiff, v. HCRAMERICA, LLC and HARRISON CLINICAL RESEARCH DEUTSCHLAND GMBH, Defendants. | : | Civil Action No. |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff, Harrison Research Laboratories, Inc., by way of complaint against the defendants, HCRAmerica, LLC and Harrison Clinical Research Deutschland GmbH, hereby alleges and avers as follows:

**JURISDICTION AND VENUE**

1. This is an action in which the plaintiff is seeking pecuniary and injunctive relief from acts of the defendants arising under the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. § 1051 *et seq.* and for a related claim of unfair competition under the common law of the State of New Jersey arising out of the same operative facts.

2. Jurisdiction is proper in the United States District Court pursuant to 15 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121.

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**PARTIES**

4. Plaintiff, Harrison Research Laboratories, Inc. ("HRL"), is a corporation organized and existing under the laws of the State of New Jersey and having its principal place of business at 2497 Vauxhall Road, Union, New Jersey 07083.

5. Defendant, HCRAmerica, LLC ("HCRAmerica") is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 116 Village Boulevard, Suite 200, Princeton, New Jersey 08540.

6. Defendant, Harrison Clinical Research Deutschland GmbH ("HCR") is a German company with an address at Albrechstr.14, 80636 Munich, Germany, and has transacted business in the United States and in this judicial district, by and through its representative and agent HCRAmerica.

**HRL's DEVELOPMENT OF TRADEMARK RIGHTS**

7. HRL is a nationally known organization involved in clinical research and testing for consumer products.

8. HRL has been involved in a full range of safety and efficacy testing for consumer products and pharmaceuticals, including products offered by major pharmaceutical companies in the United States and in foreign countries.

9. As a house mark and company name, HRL has used the mark HARRISON RESEARCH LABORATORIES in connection with clinical research tests and testing of consumer products since at least as early as 1981.

10. Since 1981, HRL also has advertised and promoted its services under the HARRISON RESEARCH LABORATORIES mark extensively. By virtue of HRL's advertising, sales, and an established reputation for high quality services, the HARRISON RESEARCH LABORATORIES mark has achieved a valuable goodwill and recognition as identifying and being associated with services from a single source and has become a valuable and valued asset of HRL.

11. HRL is the owner of United States Trademark Registration No. 1,977,849 for the mark HARRISON RESEARCH LABORATORIES, INC. for the services of "clinical research tests and testing of consumer products." A copy of the registration is attached as Exhibit A. The registration was granted on June 4, 1996, is in full force and effect, and has become incontestable, thereby granting HRL the exclusive right to use the registered mark HARRISON RESEARCH LABORATORIES, INC.® in commerce for the services covered by the registration.

12. HRL is also the owner of United States Trademark Registration No. 1,930,069 for the mark HRL covering the services of "clinical research tests and testing of consumer products." A copy of the registration is attached as Exhibit B. This registration was granted on October 24, 1995, is in full force and effect, and has become incontestable, thereby granting HRL the exclusive right to use the registered mark HRL® in commerce for the services covered by the registration.

**DEFENDANTS' WRONGFUL ACTS**

13. Subsequent to HRL's obtaining of federal registrations for a mark including its house mark HARRISON RESEARCH LABORATORIES, defendant HCR started to introduce its services into the United States under the confusingly similar name HARRISON CLINICAL RESEARCH.

14. Defendant HCR is a German company that has used the name HARRISON CLINICAL RESEARCH for clinical research tests and testing, including Phase I-II studies, in Europe and other countries outside of the United States.

15. On May 2, 2008, Dr. Francisco Harrison of HCR in Germany wrote to HRL in the United States to note that Harrison Clinical Research Group GmbH was in the process of expanding its presence in the United States and determine whether HRL would object to HCR registering its name in the United States.

16. On May 29, 2008, counsel for HRL responded to Dr. Francisco Harrison by informing HCR of the extensive use of and registration for the HARRISON RESEARCH LABORATORIES mark in the United States, and stating that "Harrison Research Laboratories objects to any use of your name Harrison Clinical Research Group in connection with clinical research in the United States." HRL demanded that HCR discontinue any advertising or promotion in the United States under the mark HARRISON CLINICAL RESEARCH. A copy of the May 29, 2008 letter is attached as Exhibit C.

17. On June 12, 2008, Myall S. Hawkins, Esq., of Baker & McKenzie LLP, as attorney for HCR, responded to HRL's demands by stating that "Harrison Clinical understands your client's concerns regarding providing services in the U.S. to U.S. sponsors under the 'Harrison' name," and making the representation that "our client [HCR] will not be utilizing the name 'Harrison,' should they decide at some time in future to provide services in the U.S." A copy of the June 12, 2008 letter is attached as Exhibit D.

18. Unknown to HRL, on August 29, 2008, HCR had formed HCRAmerica, LLC and had registered it as HCR's office to conduct its business in New Jersey and the United States.

19. Also unknown to HRL, but confirmed by a press release, on June 22, 2009, Dr. Michael Willett joined HCR as President and Managing Director of HCRAmerica, based in HCR's newly expanded Princeton, New Jersey corporate office. HCRAmerica has been promoted as an office or division of HCR and under the Harrison Clinical Research name. A copy of this press release is attached as Exhibit E.

20. Unaware that HCR was operating in the United States under a name including the word HARRISON, on August 13, 2009, counsel for HRL wrote to counsel for HCR to complain about a Web seminar on clinical research and FDA regulations in the United States that identified Charles H. Pierce as the V.P. Medical Affairs for Harrison Clinical Research GmbH. A copy of the letter of August 13, 2009, is attached as Exhibit F.

21. Responding to further correspondence from HCR's attorney, HRL sent a letter of September 3, 2009, to confirm the understanding and agreement that HCR's promotional materials in the United States could not advertise or promote the Harrison Clinical Research name. A copy of the letter of September 3, 2009, is attached as Exhibit G.

22. Without informing HRL about any of the facts regarding HCR's actual use of the HARRISON and HARRISON CLINICAL RESEARCH names in the United States contrary to its agreement, on October 5, 2009, new counsel for HCR sent a letter to HRL's counsel to attempt to withdraw HCR's prior agreement and representation not to use the Harrison Clinical Research name or any other name with the word "Harrison" in the United States. A copy of the letter of October 5, 2009, is attached as Exhibit I.

23. Only after receiving this letter and investigating HCR's full Web site did HRL discover that, contrary to its representation, commitment, and agreement not to use a mark including the word "Harrison" in the United States, HCR had actually commenced use of

Harrison Clinical Research as a service mark in the United States and had opened an office in Princeton, New Jersey.

24. HCR advertises its services under the HARRISON and HARRISON CLINICAL RESEARCH names in publications which are distributed in the United States and is included in its advertisements.

**THE USPTO REJECTS HCR'S TRADEMARK APPLICATIONS AS VIOLATIVE OF HRL'S RIGHTS**

25. On August 30, 2006, HCR filed Application Serial No. 79/029,581 with the United States Patent and Trademark Office ("USPTO") to register the mark HARRISON CLINICAL RESEARCH for "scientific, medical and technology research, and conduction of trials, namely in the field of pharmaceutics, medicine, medical technology, biotechnology and biometrics." This application was twice rejected by the USPTO examiner on the ground that HCR's mark would be likely to be confused with the registered mark HARRISON RESEARCH LABORATORIES, INC.® owned by HRL. Rather than appeal the final rejection by the USPTO, HCR allowed its application to register the mark HARRISON CLINICAL RESEARCH to become abandoned.

26. On May 15, 2009, HCR filed a second Application Serial No. 79/071,530 to register the mark HARRISON CLINICAL RESEARCH for "assessment and quality control or preclinical and clinical research in the field of pharmacy, biotechnology, medical engineering as well as in the field of food production." On September 29, 2009 the USPTO examiner in a nonfinal action again rejected HCR's application on the ground that it is likely to be confused with HRL's registered mark HARRISON RESEARCH LABORATORIES, INC.®

## FIRST CLAIM FOR RELIEF

**Infringement Of Federal Trademark Registration**

27. HCR's marks HARRISON and HARRISON CLINICAL RESEARCH are reproductions, counterfeits, copies, or colorable imitations of HRL's registered mark HARRISON RESEARCH LABORATORIES, INC.® covered by incontestable U.S. Registration No. 1,977,849.

28. HCR uses the names HARRISON and HARRISON CLINICAL RESEARCH in the advertising and providing of services that are closely related to and may overlap the services that HRL has provided in association with its mark HARRISON RESEARCH LABORATORIES.

29. HCR's services are provided through the same channels of trade and to the same classes of customers as are the services of HRL provided in connection with its registered trademark HARRISON RESEARCH LABORATORIES.

30. HCR opened its HCRAmerica office in the United States and has advertised its services in connection with this office after knowing that the USPTO believed its use of the mark HARRISON CLINICAL RESEARCH in the United States would create a likelihood of confusion with HRL's registered mark HARRISON RESEARCH LABORATORIES, after HRL had notified HCR that any such use of its mark in the United States would constitute trademark infringement, and after HCR had agreed and committed not to use a name including the word "Harrison" for services in the United States.

31. Defendants' conduct as set forth above constitutes infringement of HRL's federally registered trademark HARRISON RESEARCH LABORATORIES, INC.® under 15 U.S.C. § 1114.

32. Defendants' conduct has caused and will continue to cause substantial damage to HRL, unless enjoined by this Court.

33. Upon information and belief, defendants' conduct, including its commencement of infringement in the United States and its progressive encroachment on HRL's rights after notice from both the USPTO and HRL of its infringement, constitutes willful and malicious infringement of HRL's trademarks.

34. HRL is without adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**Violation Of Section 43 (a) Of The Lanham Act**

35. HRL repeats and realleges the allegations set forth in paragraphs 1-34, as if set forth here in full.

36. Defendants, by use of the marks HARRISON and HARRISON CLINICAL RESEARCH in connection with their services, have used false designations of origin and false descriptions and representations which tend to falsely describe or represent such services, and have caused such services to enter into commerce with full knowledge of the falsity of such designations of origin, all to the detriment and damage of HRL.

37. Defendants' conduct as set forth above was undertaken in violation of 15 U.S.C. § 1125 (a), and has caused and will continue to cause irreparable injury to HRL, unless enjoined by this Court.

38. Upon information and belief, defendants' conduct was done willfully with full knowledge of the falsity of the designations of origin and with the intention of causing confusion and misleading and deceiving the public as to the origin of their services.

39. HRL is without adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**Common Law And Unfair Competition**

40. HRL repeats and realleges the allegations set forth in paragraphs 1-39, as if set forth here in full.

41. Defendants, by their actions alleged above, have willfully, knowingly, and intentionally engaged in acts constituting unfair competition under the common law of the State of New Jersey.

42. Upon information and belief, defendants are improperly trading on the reputation and goodwill of HRL.

43. Defendants' conduct caused and will continue to cause irreparable injury to HRL, unless enjoined by this Court.

44. HRL is without adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

**Fraud**

45. HRL repeats and realleges the allegations set forth in paragraphs 1-44, as if set forth here in full.

46. By the June 12, 2008 letter from its agent, HCR represented to HRL that it would not use a name containing the word "Harrison" for any services to be provided in the United States because it was aware of HRL's concern regarding infringement of the HARRISON RESEARCH LABORATORIES trademark in the United States.

47. At the time that HCR made its representations, HCR was attempting to obtain a United States trademark registration for the mark HARRISON CLINICAL RESEARCH and, upon information and belief, was in the process of establishing an office in the United States.

48. HCR made the representation that it would not use a name including the word "Harrison" in the United States with the intention of deceiving HRL and inducing HRL not to take action at that time that might restrict HCR's ability to establish its business and office in the United States and to use the name HARRISON CLINICAL RESEARCH.

49. At the time that HCR made such misrepresentations, HRL did not know the facts and believed HCR's representations to be true. HRL reasonably relied on HCR's representations and was thereby induced not to take action against HCR's use of the name HARRISON CLINICAL RESEARCH for customers in the United States, providing services in the United States, or establishing an office in the United States.

50. As a result of HCR's fraud, HRL has been and will continue to be irreparably harmed unless defendants are permanently enjoined from using any service mark in the United States which includes the name HARRISON, including HARRISON CLINICAL RESEARCH.

51. The conduct by the defendants has caused and will continue to cause irreparable injury to HRL, unless enjoined by this Court.

52. HRL is without adequate remedy at law.

WHEREFORE, HRL prays for the following relief:

A. a preliminary and permanent injunction enjoining the defendants, their officers, employees, servants, and agents, and all persons in active concert, privity or participation with them, from employing the mark HARRISON CLINICAL RESEARCH or any other name or trademark that contains the name HARRISON or would be confusingly similar to HRL's trademarks HARRISON RESEARCH LABORATORIES and HRL, for or in connection with any research or testing services in the United States;

B. an accounting to determine the profits defendants have made in connection with their services provided to customers in the United States or for customers from a location in the United States in connection with the infringing HARRISON CLINICAL RESEARCH mark and an award to HRL of such profits;

C. an award of compensatory damages arising out of defendants' infringement and a trebling of such award, as provided by 15 U.S.C. § 1117;

D. an award of punitive damages arising from defendants' fraud;

E. an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements, having, showing, or employing any mark or design enjoined above shall be delivered up to HRL and destroyed;

F. an award to HRL of its reasonable attorney fees and costs in the action on the ground that this is an exceptional case; and

G. such other and further relief as the court may deem just and necessary.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff Harrison Research Laboratories, Inc. demands a jury trial on all issues so triable to a jury.

Respectfully submitted,

LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff*
*Harrison Research Laboratories, Inc.*

Dated: December 15, 2009

By: ______________________
Charles P. Kennedy
Tel:908.654.5000
E-mail:ckennedy@ldlkm.com
litigation@ldlkm.com

**CERTIFICATION PURSUANT TO LOCAL CIVILE RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Harrison Research Laboratories, Inc. nor plaintiff's attorney is aware of any other action pending in a court, or of any pending arbitration or administrative proceeding to which this matter is subject.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff*
*Harrison Research Laboratories, Inc.*

Dated: December 15, 2009

By: ______________________
Charles P. Kennedy
Tel:908.654.5000
E-mail:ckennedy@ldlkm.com
litigation@ldlkm.com

# EXHIBIT A

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 1,977,849**

# United States Patent and Trademark Office

**Registered June 4, 1996**

## SERVICE MARK
## PRINCIPAL REGISTER

# HARRISON RESEARCH LABORATORIES, INC.

HARRISON RESEARCH LABORATORIES, INC. (NEW JERSEY CORPORATION)
2497 VAUXHALL ROAD
UNION, NJ 07083

FOR: CLINICAL RESEARCH TESTS AND TESTING OF CONSUMER PRODUCTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 11-30-1981; IN COMMERCE 11-30-1981.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RESEARCH LABORATORIES INC.", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 74-608,302, FILED 12-8-1994.

CHARLES WEIGELL, EXAMINING ATTORNEY

# EXHIBIT B

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**Reg. No. 1,930,069**

# United States Patent and Trademark Office

**Registered Oct. 24, 1995**

## SERVICE MARK
## PRINCIPAL REGISTER

## HRL

HARRISON RESEARCH LABORATORIES, INC. (NEW JERSEY CORPORATION)
2497 VAUXHALL ROAD
UNION, NJ 07083

FOR: CLINICAL RESEARCH TESTS AND TESTING OF CONSUMER PRODUCTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 11-30-1981; IN COMMERCE 11-30-1981.

SER. NO. 74-608,362, FILED 12-8-1994.

CHARLES WEIGELL, EXAMINING ATTORNEY

# EXHIBIT C

**Barone, Dorothy**

**From:** Barone, Dorothy on behalf of Kennedy, Charles P
**Sent:** Thursday, May 29, 2008 9:16 AM
**To:** 'francisco.harrison@harrison-cro.com'
**Cc:** Kennedy, Charles P; 'lharrison@hrlabs.us.com'
**Subject:** Complaint to Harrison Clinical Research

May 29, 2008

**VIA E-MAIL (Francisco.harrison@harrison-cro.com)**

Dr. Francisco Harrison
Harrison Clinical Research
Deutschland GmbH
Albrechtstrabe 14
D-80636 Munchen
GERMANY

Re: HRL 4.1-001
Complaint to Harrison Clinical Research

Dear Dr. Harrison:

Our firm represents Harrison Research Laboratories, Inc. of Union, New Jersey on trademark and intellectual property matters. We are responding to your letter of May 2, 2008 to Harrison Research Laboratories.

As you are probably aware, Harrison Research Laboratories, Inc. is a nationally known organization involved in clinical research tests and testing of consumer products. Harrison Research Laboratories, Inc. is involved in a full range of safety, and efficacy testing for many consumer products and pharmaceuticals. Harrison Research Laboratories, Inc. has numerous clients throughout the United States, and international clients in South America, Europe, Australia and Asia.

Harrison Research Laboratories, Inc. has used HARRISON RESEARCH LABORATORIES, INC. and HRL as trademarks for its clinical research tests and testing of consumer product services dating back to 1981. Harrison Research Laboratories, Inc. has secured trademark registrations in connection with its valuable trademarks. Our client is the owner of and entitled to the exclusive use in the United States of the following registered trademarks:

| Registration No. | Trademark | Date of Registration |
|---|---|---|
| 1,977,849 | HARRISON RESEARCH LABORATORIES, INC. | June 4, 1996 |
| 1,930,069 | HRL | October 24, 1995 |
| 1,930,066 | HRL | October 24, 1995 |

Each of these registrations covers our client's full range of services, namely, clinical research tests and testing of consumer products. Each of these registrations has also become incontestable, granting our client the exclusive and incontestable right to use the marks in commerce throughout the United States.

In response to your letter, Harrison Research Laboratories objects to any use of your name HARRISON CLINICAL RESEARCH GROUP in connection with clinical research in the United States. Your company's use of its name in the United States would constitute an infringement of our client's federally registered trademarks, and would seriously

impair the goodwill which our client has built up in association with these marks over more than 25 years. Thus, Harrison Research Laboratories, Inc. objects to any attempt by your company to register its name in the United States and will not provide any sort of representation to the United States Patent and Trademark Office that there would be no conflict. We demand that your company not undertake the expense of creating marketing materials, invoices and forms for operating under the name Harrison Clinical Research in the United States because such materials would cause infringement with our client's registered mark HARRISON RESEARCH LABORATORIES, INC.

Due to the substantial similarities between your name and our client's registered mark, as well as the overlap and apparent competition between the services involved, in our opinion, your use of the name Harrison Clinical Research Group in the United States would inevitably lead to a likelihood of confusion and probably actual confusion. Your name Harrison Clinical Research Group is virtually indistinguishable from our client's registered trademark HARRISON RESEARCH LABORATORIES, INC. You have stated that your company Harrison Clinical Research does clinical trials and that a physician in Cincinnati, Ohio has represented your company and promoted your services to U.S. sponsors and other clinical research organizations. Those services are precisely the same services which our client has performed over the past 25 years in association with its registered trademark HARRISON RESEARCH LABORATORIES, INC. Considering that the marks are virtually identical and there is a strong overlap in the services provided, in our opinion, your use of the mark Harrison Clinical Research Group in the United States would constitute an act of infringement of our client's registered trademarks, unfair competition under Section 43(a) of the Lanham Act, and an infringement of our client's trademark rights at common law.

Under the Federal Trademark Act, by establishing infringement, our client would be entitled to an injunction against your use of the mark Harrison Clinical Research Group, and also a recovery of actual damages, an accounting of your profits gained in association with use of the name Harrison Clinical Research, and recovery of its attorney fees and costs in pursuing the action.

This letter provides clear notice to your organization that any further use of the name Harrison Clinical Research Group in the United States will constitute willful infringement of our client's federal trademark registrations and valuable trademarks. Please also inform the physician in Cincinnati, Ohio who has represented your company that Harrison Research Laboratories, Inc. considers any use of the mark Harrison Clinical Research to be an infringement of its rights, and will consider any continuing use after the date of this letter to constitute willful infringement, warranting a recovery of increased damages and attorney fees.

Under these circumstances, we must demand that you provide the following no later than June 15, 2008:

1. Written confirmation that you have discontinued any use of the name Harrison Clinical Research Group in the United States through any form of advertising, promotion, or marketing materials.

2. A written confirmation that you have discontinued all use of the name Harrison Clinical Research Group for services which your company is providing to U.S. sponsors or other clinical research organizations in the United States.

3. A listing of all United States companies for whom you have provided services under the name Harrison Clinical Research, and the amounts involved in such services which have been provided to date.

Once we have this information, we will be in a position to provide a proposed agreement to resolve this matter.

In view of the urgency of this matter and your statement of an intention to expand your use of the Harrison Clinical Research name in the United States, we request your prompt written response and assurance that these steps will be taken no later than June 15, 2008.

If you have any questions in the meantime, please do not hesitate to contact us.

Very truly yours,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP

*Charles P. Kennedy*

CHARLES P. KENNEDY

CPK:dlb

5/29/2008

cc: Lynne B. Harrison, Harrison Research Laboratories *(via e-mail)*

Dorothy L. Barone
Assistant to Charles P. Kennedy
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090
Tel. (908) 654-5000; Fax (908) 654-7866
Email: dbarone@ldlkm.com

NOTICE: The information contained herein is intended only for the addressee identified above. It may be or may include material, which is confidential, attorney-client privileged, attorney work product, copyrighted, and/or inside information. If you are not the intended recipient, or a person responsible for delivering this message to the intended recipient, you are hereby notified that the unauthorized use, disclosure, distribution or copying is strictly prohibited and may be in violation of court order or otherwise unlawful. If you have received this transmission in error, please immediately notify us at (908) 654-5000 (Collect, if necessary).

# EXHIBIT D

BAKER & MCKENZIE

Baker & McKenzie LLP
Pennzoil Place, South Tower
711 Louisiana, Suite 3400
Houston, Texas 77002-2746, USA

Tel: +1 713 427 5000
Fax: +1 713 427 5099
www.bakernet.com

Asia Pacific
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur
Manila
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

Europe & Middle East
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Bologna
Brussels
Budapest
Cairo
Düsseldorf
Frankfurt / Main
Geneva
Kyiv
London
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

North & South America
Bogota
Brasilia
Buenos Aires
Caracas
Chicago
Chihuahua
Dallas
Guadalajara
Houston
Juarez
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre
Rio de Janeiro
San Diego
San Francisco
Santiago
Sao Paulo
Tijuana
Toronto
Valencia
Washington, DC

Myall S. Hawkins
Tel: +1 713 427 5020
myall.hawkins@bakernet.com

Via Fax: 908-654-7866 & Certified Mail-Return Receipt Requested – no. 7001-0360-0002-2019-6689

June 12, 2008

Charles P. Kennedy
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, New Jersey 07090

RE: Harrison Clinical Research Group, GmbH

Dear Mr. Kennedy:

Please be advised that we have been retained to respond to your May 29, 2008 correspondence to Harrison Clinical Research Group, GmbH (Harrison Clinical).

In speaking with our client we understand that they have reached out to your client for a business to business discussion regarding any objection that your client would have to Harrison Clinical registering a U.S. trademark. As expressed in your letter, it is my understanding that Harrison Research Laboratories, Inc. objects to our client registering a U.S. mark the same as their German mark that has been utilized for many years throughout Europe, Asia and Africa.

While we do not believe there is any likelihood of confusion, and in fact, has never been any confusion to Harrison Clinical's knowledge, they have agreed not to register a U.S. mark with the word "Harrison". Moreover, they have no U.S. adverting, promotion or marketing materials that have been created, so the discontinuance of same is a non issue.

Inasmuch as Harrison Clinical is known throughout the world as a C.R.O., they will continue to perform work in Europe, Asia and Africa for U.S. sponsors under Harrison Clinical Research Group, GmbH with their registered marks. I assume that you would also be counseling your client not to be using the Harrison name for work outside the U.S. With that said, Harrison Clinical understands your client's concerns regarding providing services in the U.S. to U.S. sponsors under the "Harrison" name, which I believe has now been addressed in the above paragraphs.

As to your last paragraph, Harrison Clinical sub-contracted work for one human study in the U.S., the results of which were analyzed in Germany. The study was contracted for in Germany after Harrison Clinical had finished the same study in multiple foreign countries. The U.S. sub-contractor, which had no corporate relationship to Harrison Clinical, finished the study years ago. Harrison Clinical, therefore, is not inclined to produce those financial records or identify that sponsor, who like all sponsors, requires confidentiality.

Baker & McKenzie LLP is a member of Baker & McKenzie International, a Swiss Verein.

BAKER & MCKENZIE

If you have any questions please do not hesitate to contact me. I believe, however, that this letter has fully answered your questions, and should put your client at ease that our client will not be utilizing the name "Harrison", should they decide at some time in the future to provide services in the U.S.

Sincerely,

Myall S. Hawkins

cc: Dr. Francisco Harrison

Lisa H. Meyerhoff [firm]

# EXHIBIT E

**Harrison Clinical Research**

Harrison Clinical Research
Albrechtstrasse 14
80636 Munich, Germany

Tel: 49-(0)89 - 12 66 80-0
Fax 49-(0)89 - 12 66 80-2444
Homepage: www.harrisonclinical.com




## Stop Press

Further announcements

### US office airs via Business Wire

Princeton, NJ & Munich, Germany / June 22, 2009 / Business Wire/ -- The Harrison Clinical Research Group GmbH, a leading full-service, scientifically and medically driven clinical research organization with offices worldwide, is pleased to announce that Dr. Michael Willett has joined the company as President and Managing Director of HCRAmerica, based in our newly expanded Princeton, New Jersey corporate office. Dr. Willett has worked for the past 20 years in CRO and pharmaceutical companies in the USA, and brings a wealth of experience as a senior clinical research scientist, regulatory affairs and clinical development strategist, and regulatory submission consultant.

Dr. Willett has been involved in more than 400 clinical trials and numerous drug, biologic and device registrations and product approvals across all major therapeutic areas and indications. Dr. Willett previously founded Advanced Biomedical Research, Inc. (ABR) and successfully grew the organization as a North American-based CRO and 72-bed clinical pharmacology unit. He also previously worked at Bristol-Myers Squibb and Marion Laboratories (now part of Sanofi-Aventis). Dr. Willett received his Bachelor of Pharmacy and Doctor of Pharmacy degrees with honors from the University of Illinois at Chicago and completed a post-PharmD residency in adult internal medicine at Truman Medical Center and the University of Missouri-Kansas City. Dr. Willett worked as a clinical pharmacist in a hospital-based critical care environment before focusing his career on clinical research.

Dr. Francisco Harrison, founder of HCR commented, □I am delighted to welcome Michael to our company. We have come to know each other over the past decade and have the highest regard for each other□s talents and accomplishments. We share the same commitment to assisting our valued clients in performing scientifically rigorous clinical trials and bringing safe and effective medicines to patients.□ Dr. Willett added that □I am grateful for the opportunity to join HCR and am delighted to be able to work with Dr. Harrison and his high caliber team. I am impressed with the expertise of my HCR colleagues, the global reach of the company, and the overall commitment to patient safety, good science and quality clinical research. I also am excited to work with the highly skilled and experienced physicians and staff in the 36-bed clinical pharmacology unit in Munich.□

**About HCRAmerica and Harrison Clinical Research Group GmbH**

**Feel free to phone us**

... straight away and we will work out together a tailor made solution for you.

Tel: (49) - 89 - 126680-0

**Stop Press** - October 2009



High quality - fair price, a clinical research contradiction?... more

**Next Event** - October 2009



World Vaccine Congress ... October 5-8 more

HCRAmerica is the US division of Harrison Clinical Research Group GmbH, a full-service Phase I-IV global CRO with a staff of over 400 clinical research professionals and offices in 12 countries throughout the USA, Europe and Russia. HCR also has well established partners in the USA, Canada, Scandinavia, South America, South Africa, Australia, India and Japan. HCR has a 22-year track record of service excellence in providing timely and reliable performance of clinical trials. HCR has the understanding and strategic network to offer a full range of clinical research activities throughout the USA, Europe and worldwide. Our team is proud of its quality and is ISO 9001 certified for the performance of Phase I, II, III and IV clinical trials.



**Contact**

Dr. Francisco Harrison,
Chairman of the HCR Group



**Contact**

Dr. Michael Willett,
President of HCRAmerica

2009, July

back

# EXHIBIT F

**Sciacca, Melissa**

**From:** Sciacca, Melissa on behalf of Kennedy, Charles P
**Sent:** Thursday, August 13, 2009 2:13 PM
**To:** 'myall.hawkins@bakernet.com'
**Cc:** 'lharrison@hrlabs.us.com'; 'dharrison@hrlabs.us.com'; 'aamitchell@aamitchellcpa.com'
**Subject:** HRL 4.1-001/Harrison Clinical Research Group, GmbH
**Attachments:** 6.12.08 atty ltr.pdf; Webinar.pdf




600 SOUTH AVENUE WEST · WESTFIELD, NEW JERSEY 07090
908.654.5000 · FAX 908.654.7866 · WWW.LDLKM.COM

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

Charles P. Kenn
908.518.6
ckennedy@ldlkm.

August 13, 2009

VIA E-MAIL (myall.hawkins@bakernet.com)

Myall S. Hawkins, Esq.
Baker & McKenzie LLP
Pennzoil Place, South Tower
711 Louisiana, Suite 3400
Houston, TX 77002-2746

Re: HRL 4.1-001
Harrison Clinical Research Group, GmbH

Dear Mr. Hawkins:

We write on behalf of our client Harrison Research Laboratories, Inc. of Union, New Jersey. You may recall that Harrison Research had sent a complaint letter to your client Harrison Clinical Research Group, GmbH on May 29, 2008. In a letter of June 12, 2008 (copy attached), Harrison Clinical Research committed not to advertise, promote or market in the United States under the Harrison Clinical Research mark, but to use that mark only to perform work in Europe, Asia and Africa for U.S. sponsors. On those terms, Harrison Research Laboratories, Inc. decided not to pursue this matter further.

It has just come to our attention that Charles H. Pierce of Harrison Clinical Research GmbH has participated in a Webinar which appears to be directed to clinical research and FDA regulations in the United States for U.S. companies. We have attached a copy of the Webinar information. You will see that Dr. Pierce is listed as "V.P. Medical Affairs for

North America, Harrison Clinical Research GmbH." This use appears to violate the agreement between our clients that your client would not use any mark containing the name Harrison for advertising, promotion or marketing in the United States.

We trust that this apparent violation was not intentional. We request a written assurance by Harrison Clinical Research Group GmbH that any additional participations in Webinars or similar marketing activities which are directed to U.S. companies will list employees under a different name than the Harrison Clinical Research GmbH name, which is likely to cause confusion with our client's preexisting rights to the mark HARRISON RESEARCH LABORATORIES.

In order to ensure that any further violations are halted promptly, we ask your reply to this letter by **August 28, 2009**. If you have any questions regarding this matter, please let us know.

Very truly yours,

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP

CHARLES P. KENNEDY

CPK:mas

Melissa Sciacca
Assistant to Charles P. Kennedy
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090

☎ Main Tel. (908) 654-5000/Direct Dial Tel. (908) 518-6407
☎ Fax (908) 654-7866
✉ msciacca@ldlkm.com

NOTICE: The information contained herein is intended only for the addressee identified above. It may be or may include material, which is confidential, attorney-client privileged, attorney work product, copyrighted, and/or inside information. If you are not the intended recipient, or a person responsible for delivering this message to the intended recipient, you are hereby notified that the unauthorized use, disclosure, distribution or copying is strictly prohibited and may be in violation of court order or otherwise unlawful. If you have received this transmission in error, please immediately notify us at (908) 654-5000 (Collect, if necessary).

8/13/2009

# EXHIBIT G

**Sciacca, Melissa**

**From:** Sciacca, Melissa on behalf of Kennedy, Charles P
**Sent:** Wednesday, September 23, 2009 3:25 PM
**To:** 'myall.hawkins@bakernet.com'
**Cc:** 'lharrison@hrlabs.us.com'; 'dharrison@hrlabs.us.com'
**Subject:** RE: HRL 4.1-001 Harrison Clinical Research Group, GmbH

Dear Mr. Hawkins:

Please respond to my letter of September 3, 2009 set forth below, as soon as you are able to.

Sincerely,

Charles P. Kennedy

---

**From:** Sciacca, Melissa **On Behalf Of** Kennedy, Charles P
**Sent:** Thursday, September 03, 2009 4:58 PM
**To:** 'myall.hawkins@bakernet.com'
**Cc:** 'lharrison@hrlabs.us.com'; 'dharrison@hrlabs.us.com'
**Subject:** HRL 4.1-001 Harrison Clinical Research Group, GmbH

LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK LLP

600 SOUTH AVENUE WEST • WESTFIELD, NEW JERSEY 07090
908.654.5000 • FAX 908.654.7866 • WWW.LDLKM.COM

PATENTS, TRADEMARKS, COPYRIGHTS & UNFAIR COMPETITION

**Charles P. Kennedy**
908.518.6307
ckennedy@ldlkm.com

September 3, 2009

**VIA E-MAIL (myall.hawkins@bakernet.com)**

Myall S. Hawkins
Baker & McKenzie
Pennzoll Place, South Tower
711 Louisiana, Suite 3400
Houston, TX 77002-2746

Re: HRL 4.1-001
Harrison Clinical Research Group, GmbH

Dear Mr. Hawkins:

This will respond to your September 1, 2009 letter responding to the

complaint made in our letter of August 15, 2009.

We had complained on behalf of Harrison Research Laboratories, Inc. about a Webinar featuring Dr. Pierce who was identified as "V.P. Medical Affairs for North American Harrison Clinical Research GmbH." This Webinar uses the Harrison Clinical Research mark for work in the United States, in violation of the agreement between our clients. You have responded that Dr. Pierce is self-employed as the principal of his own medical consulting company, serves as a medical director for another CRO, and is a consultant for Harrison Clinical Research GmbH. You argue that he has merely listed his title on the Webinar materials, and is entitled to do so under the fair use doctrine.

It is clear from an inspection of the materials that Dr. Pierce is promoting the services of Harrison Clinical Research GmbH, not just listing his titles. On the cover of the program, he is prominently as V.P. of Harrison Clinical Research GmbH, not a consultant. He is listed the same way within the body of the advertisement. He does not mention his own medical consulting company of which he is the principal. He does not mention by name any other company. Any reasonable viewer of this material would be forced to conclude that Dr. Pierce is an employee of Harrison Clinical Research GmbH.

We must insist that, for all future promotional materials, including live or web based discussions, that are not solely for work outside of the United States, Dr. Pierce and other employees or consultants for Harrison Clinical Research GmbH <u>not</u> list their titles at Harrison Clinical Research. Otherwise, the discussion will be seen as a promotion for Harrison Clinical Research GmbH in the United States in violation of the agreement. This should not create any hardship since Dr. Pierce can list his own medical consulting company and his status as a medical director for another CRO. Furthermore, this resolution would be generous for your client because our client believes that these violations have caused it damages, which it would be entitled to recover.

Please confirm that Harrison Clinical Research GmbH will comply with this request needed to ensure compliance with its agreement not to advertise, promote or market in the United States under the Harrison Clinical Research mark.

We look forward to your prompt reply.

Sincerely yours,

LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP

CHARLES P. KENNEDY

CPK:mas

9/23/2009

Melissa Sciacca
Assistant to Charles P. Kennedy
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090

☎ Main Tel. (908) 654-5000/Direct Dial Tel. (908) 518-6407
☎ Fax (908) 654-7866
✉ msciacca@ldlkm.com

NOTICE: The information contained herein is intended only for the addressee identified above. It may be or may include material, which is confidential, attorney-client privileged, attorney work product, copyrighted, and/or inside information. If you are not the intended recipient, or a person responsible for delivering this message to the intended recipient, you are hereby notified that the unauthorized use, disclosure, distribution or copying is strictly prohibited and may be in violation of court order or otherwise unlawful. If you have received this transmission in error, please immediately notify us at (908) 654-5000 (Collect, if necessary).

# EXHIBIT H



2550 M Street, NW
Washington, DC 20037-1350
202-457-6000

Facsimile 202-457-6315
www.pattonboggs.com

George M. Borababy
202-457-5210
gborababy@pattonboggs.com

October 5, 2009

VIA E-MAIL AND FIRST CLASS MAIL

Charles P. Kennedy, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, New Jersey 07090

Re: Harrison Clinical Research GmbH

Dear Mr. Kennedy:

We refer to our letter of September 25, 2009, in which we advised you that this firm has been retained to represent Harrison Clinical Research GmbH ("HCR") and its affiliates in connection with matters relating to the use of its name, "Harrison Clinical Research," in the United States. We are writing in response to your letters of August 13, 2009 and September 3, 2009 to Myall Hawkins of Baker & McKenzie LLP.

With regard first to the specific assertions of your letters to Mr. Hawkins, we agree with Mr. Hawkins that, as he expressed to you in his letter of September 1, 2009, Dr. Charles Pierce was, and is, entitled under the fair use doctrine to identify his association with HCR and to use HCR's corporate name in that connection. Even if, as you contend, such usage may be viewed as a promotion of HCR in the United States, such usage is a protected fair use.

More generally, in your recent letters, you contend that any use of the name "Harrison Clinical Research" in the United States violates a purported agreement between your client, Harrison Research Laboratories, Inc. ("HRL"), and HCR concerning the use of "any mark containing the name Harrison" in the United States. We assume that by "agreement," you are referring to Mr. Hawkins' June 12, 2008 letter to you, which is attached to your August 13, 2009 letter. In our view, that June 12, 2008 letter does not constitute an enforceable agreement. Rather, it was, at most, a non-binding, unilateral expression of HCR's then-current expectations that lacked the essential attributes of a contract, *i.e.,* offer, acceptance and consideration. In addition, to our client's knowledge, HRL did not acknowledge, accept or otherwise respond to Mr. Hawkins' letter. Clearly, no agreement was formed. Please be advised that to the extent (if at all) that that letter could possibly be construed as an offer, such offer is hereby revoked.

Further, as Mr. Hawkins observed in his June 12, 2008 letter, there is no likelihood that our clients' respective uses of their names would give rise to confusion, and thus no trademark or service mark infringement. Among other things, the names are neither identical nor confusingly similar. The name "Harrison," being a surname, is a weak mark. The services that our respective clients perform are, in practice, substantially different. HRL is an independent testing site that conducts specialized consumer and personal care product tests relating to cosmetics, toiletries and topically-applied






pharmaceuticals, while HCR is a contract clinical research organization that conducts Phase I-IIa clinical pharmacology trials and manages international Phase II-IV clinical trials involving pharmaceuticals, blood products, vaccines, other biologics and medical devices. The parties' respective clients are highly sophisticated entities that know with whom they are dealing and that choose their testing or research organizations based on qualifications, expertise, familiarity and, very often, site visits and inspections or audits, not on brand name. For these reasons and others, relevant consumers of our respective clients' services are not likely to be confused, misled or deceived. Accordingly, HCR's use of the name "Harrison Clinical Research" would not constitute infringement, unfair competition or false designation of origin.

In sum, it is our view that HCR has the right to use its name -- under which it has been operating for more than 20 years -- in connection with the marketing, promotion and performance of its services in the United States.

We recognize, of course, that your client and you likely disagree with our conclusion. HCR is prepared to defend its right to use its name, including through litigation, if necessary. It would prefer, however, to reach an accommodation with your client by which HCR would use its name in the United States in a manner that HRL would not find threatening. We submit that it would be in the interests of both HRL and HCR to explore the potential for reaching such an agreement rather than to expend their time, efforts and resources on litigation.

We would note also that your client advertises the fact that it works with clients outside of the United States, including in Germany, where HCR has registered its name, and in other countries in which HCR has done business over the past two decades. Should the parties be unable to work out a mutually satisfactory accommodation, HCR intends to take such action as is appropriate to protect its rights in these jurisdictions.

Please let us know whether your client is interested in pursuing discussions with HCR concerning this matter.

We look forward to hearing from you.

Sincerely yours,

George M. Borababy

cc: Harrison Clinical Research GmbH

5047983